# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RAGSDALE,<br><br>        Plaintiff,<br><br>   vs.<br><br>D.M. CASE, et al.,<br><br>        Defendants. | CASE NO. CV-F-06-538 LJO DLB P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>[Doc. 1] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on May 4, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support

of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

I.   Discussion

   A.   Plaintiff's Allegations

In his complaint, plaintiff alleges that, in July of 2005, defendant Correctional Officer Case, wrote a serious rules violation report against plaintiff for battery on an inmate. Plaintiff alleges that he fabricated a story which endangered plaintiff's safety. Plaintiff alleges that defendant Officer Garrison made the information public which has placed him in danger. Plaintiff seeks monetary and injunctive relief.

   B.   Eighth Amendment Claim

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the

defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the instant action, plaintiff alleges only that defendants made public certain information that has placed him in danger.  Plaintiff's allegations are so conclusory that the court is unable to determine whether or not plaintiff may be able to state a cognizable claim for relief.  Plaintiff has not linked either defendant to any resulting harm to plaintiff or any act committed by another inmate.  Plaintiff must link the defendants to an act or omission that caused the deprivation of plaintiff's constitutional rights.  In addition, in order to state a cognizable claim for relief under the Eighth Amendment, plaintiff's allegations must demonstrate that defendants acted with deliberate indifference to a serious threat to plaintiff's safety.  The court finds that plaintiff has not stated a cognizable Eighth Amendment claim against either defendant Case or defendant Garrison.  The court will provide plaintiff one opportunity to amend his complaint, in the event that plaintiff believes, in good faith, that he has a cognizable claim for relief under section 1983.

Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed May 4, 2006, is dismissed, with leave to amend;
2. On or before April 2, 2007, plaintiff shall file an amended complaint, if plaintiff believes in good faith that he has a cognizable claim for relief under section 1983;

3.  The amended complaint shall bear the caption "First Amended Complaint;" and

4.  Failure to file an amended complaint in compliance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **March 2, 2007**            /s/ **Dennis L. Beck**
3b142a                                UNITED STATES MAGISTRATE JUDGE