IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK RAGSDALE, | ) | 1:06-cv-00538-LJO-DLB-P |
| Plaintiff, | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION** |
| D.M. CASE, et al., | ) | (Doc. 12) |
| Defendants. | ) | |

Plaintiff, Mark Ragsdale ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 5, 2007, the court issued an order requiring plaintiff to file an amended complaint on or before April 2, 2007. The deadline has passed and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the

1

1  exercise of that power, they may impose sanctions including, where
2  appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
3  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
4  with prejudice, based on a party's failure to prosecute an action,
5  failure to obey a court order, or failure to comply with local
6  rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
7  1995)(dismissal for noncompliance with local rule); Ferdik v.
8  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
9  failure to comply with an order requiring amendment of complaint);
10 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
11 failure to comply with local rule requiring pro se plaintiffs to
12 keep court apprised of address); Malone v. U.S. Postal Service, 833
13 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
14 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
15 1986)(dismissal for failure to lack of prosecution and failure to
16 comply with local rules).
17      In determining whether to dismiss an action for lack of
18 prosecution, failure to obey a court order, or failure to comply
19 with local rules, the court must consider several factors: (1) the
20 public's interest in expeditious resolution of litigation; (2) the
21 court's need to manage its docket; (3) the risk of prejudice to the
22 defendants; (4) the public policy favoring disposition of cases on
23 their merits; and, (5) the availability of less drastic
24 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
25 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
26 Ghazali, 46 F.3d at 53.
27 //
28 /

1         In the instant case, the court finds that the public's
2    interest in expeditiously resolving this litigation and the court's
3    interest in managing the docket weigh in favor of dismissal.  The
4    third factor, risk of prejudice to defendants, also weighs in favor
5    of dismissal, since a presumption of injury arises from the
6    occurrence of unreasonable delay in prosecuting an action.
7    Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
8    factor -- public policy favoring disposition of cases on their
9    merits -- is greatly outweighed by the factors in favor of
10   dismissal discussed herein.  Finally, a court's warning to a party
11   that his failure to obey the court's order will result in dismissal
12   satisfies the "consideration of alternatives" requirement.  Ferdik
13   v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
14   779 F.2d at 1424.  The court's order of March 5, 2007, expressly
15   stated: "Failure to file an amended complaint in compliance with
16   this order will result in a recommendation that this action be
17   dismissed."  Thus, plaintiff had adequate warning that dismissal
18   would result from non-compliance with the court's order.
19        Accordingly, the court HEREBY RECOMMENDS that this action be
20   DISMISSED based on plaintiff's failure to obey the court's order of
21   March 5, 2007.
22        These Findings and Recommendations are submitted to the United
23   States District Judge assigned to the case, pursuant to the
24   provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**
25   after being served with these Findings and Recommendations,
26   plaintiff may file written objections with the court.  Such a
27   document should be captioned "Objections to Magistrate Judge's
28   Findings and Recommendations."  Plaintiff is advised that failure

                                  3

to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 25, 2007**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE